**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

QUINTIN EDWARD CROSS,

          Plaintiff,

   - v -             Civ. No. 1:11-CV-0603
                    (GLS/RFT)

MICHAEL COZZOLINO, *1st Asst. District Attorney*;
MICHAEL BENVENUTO, *Director of Probation Dept.*;
DANIEL KIBLER, *Supervisor of Criminal Unit Probation Dept.*;
JOSEPH DELANEY, *Probation Officer*,
*(All positioned in Columbia County)*

          Defendants.

**APPEARANCES:**         **OF COUNSEL:**

QUINTIN EDWARD CROSS
Plaintiff, *Pro se*
32 North 5th Street
Hudson, NY 12534

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

  The Clerk has sent to the Court a civil rights Complaint brought by *pro se* Plaintiff Quintin Edward Cross, pursuant to 42 U.S.C. § 1983. Dkt. No. 1, Compl. Cross has not paid the filing fee and instead seeks permission to proceed with this matter *in forma pauperis* ("IFP"). Dkt. No. 2, Mot. for IFP.

### I. DISCUSSION

#### A. Motion for Leave to Proceed *In Forma Pauperis*

  Plaintiff has submitted an *In Forma Pauperis* Application. After review, we find that Plaintiff sets forth sufficient economic need and may properly proceed *in forma pauperis*. His

Motion (Dkt. No. 2) is **granted**.

### B. Allegations Contained in Plaintiff's Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Moreover, under 28 U.S.C. § 1915A, a court must, as soon as practicable, *sua sponte* review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employees of a governmental agency" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a) & (b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983)); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").

By his Complaint, Plaintiff asserts that on June 12, 2007, he plead guilty to Grand Larceny in the Fourth Degree before the Columbia County court and was sentenced to six (6) months imprisonment followed by a term of five (5) years of post-release supervision, 1,500 hours of community service, and monetary restitution in the amount of $15,530.19.  Compl. at ¶¶ 2-4 of "Facts" Section.  After Plaintiff served his prison sentence and was released from custody, he violated the term of his probation and was arrested on January 22, 2008, whereupon he spent eleven (11) days in jail until he was released on bail.  *Id.* at ¶¶ 9-10.  On February 20, 2008, Plaintiff pled guilty to a violation of his probation terms and was sentenced to time served.  *Id.* at ¶¶ 11-12. Plaintiff was arrested again on April 28, 2008, for a violation of probation, and he "spent 30 days in Columbia County [j]ail as a result of these charges."  *Id.* at ¶¶ 15-16.  On May 7, 2008, Plaintiff pled guilty to a violation of probation, and on May 27, 2008, he was sentenced to one and one-third years (1 and 1/3) to four (4) years.  *Id.* at ¶ 17.  Plaintiff states that he was released from imprisonment on August 17, 2010, and is serving the remainder of his term under parole supervision.  *Id.* at ¶ 18.

In short, Plaintiff complains that his conviction and the sentence he received and his subsequent violations of probation all constituted an unlawful deprivation of his rights under the Fifth, Eighth, and Fourteenth Amendments.  He claims that a letter from the Columbia County Probation Department notified the Columbia County court that the additional jail time Plaintiff served from his violation of probation, when accounted with the amount of time Plaintiff already served on his underlying larceny conviction, was "more jail time than was legally allowed under

State sentencing law."[1] *Id.* at ¶¶ 20-26.

It is clear from the allegations that Plaintiff is challenging his convictions and, specifically, the prison sentences he received. To the extent Plaintiff seeks to alter the fact or duration of his custody, he is advised that such relief may only be obtained by way of *habeas corpus* petition brought pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("[C]ongress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement.").

> The Supreme Court has held that
>
> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

To the extent Plaintiff is seeking monetary damages against the Defendants for his alleged wrongful imprisonment, such allegations are not cognizable under § 1983. Before he can bring a claim for damages under § 1983, *Heck v. Humphrey* directs that Plaintiff must first succeed in overturning his conviction or having it declared invalid, whether by an administrative board, state court, or in a federal *habeas corpus* proceeding. *Id.* at 486-87; *see also Jenkins v. Haubert*, 179 F.3d 19, 23 (2d Cir. 1999). Because Plaintiff has not demonstrated that his conviction has in any way been invalidated, his claim for monetary damages is barred by *Heck*. *See Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (dismissal under *Heck* is without prejudice; if a plaintiff's conviction is later

---

[1] Throughout his Complaint, Plaintiff references included exhibits, including this above-referenced letter from the Probation Department. No exhibits, however, are attached to this Complaint.

declared invalid or called into question by a federal court's issuance of a writ of *habeas corpus*, the suit may be reinstated). Therefore, because Plaintiff's Complaint lacks an arguable basis in law, we recommend **dismissal** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *In Forma Pauperis* Application (Dkt. No. 2) is **granted**; and it is further

**RECOMMENDED**, that pursuant to the Court's review under 28 U.S.C. § 1915 and § 1915A, this action be dismissed for failure to state a claim upon which relief may be granted; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date: July 6, 2011
      Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge

-5-